June, 1810.

## STEPHEN LOCKWOOD AND OTHERS *against* JABEZ GREGORY AND OTHERS.

WRIT of error.

This was a petition to the county court of *Fairfield* county, praying "for a highway to be laid out from the port in *Norwalk*, to the meeting-house in *New-Canaan*, at the expense of the towns of *Norwalk* and *New-Canaan*.

The petition stated, "That at the port of *Norwalk*, in *Fairfield* county, is a very convenient public market for the vending of all kinds of country produce, and a fine harbour connected by its navigation with the principal sea-ports in the *United States*, and with foreign parts. Northwesterly of this port is a very fertile and well cultivated tract of country of great extent, to which the said harbour and market would be of great importance, were there any public road to accommodate the travel and transportation thither from the said northern country. The roads from the meeting-house in *New-Canaan* to the said port are the only ones in which the said travel can be accommodated, and they are very hilly, and so circuitous as to render the travelled distance between said points upwards of six miles, when two thirds of that distance would be the full length of a road, which might be there laid out, to avoid all the hills, and will accommodate the said travel."

This petition was brought to the county court, at its session in *February*, 1808. The inhabitants of the towns of *Norwalk* and *New-Canaan* were made parties, and appeared. At that term, the court granted the prayer of the petition, so far as to appoint a committee to view

In an application to the county court for a highway pursuant to the statute tit. 86. c. 1. s. 11. it is not necessary to allege, in the precise words of the statute, that the highway prayed for would be "of common convenience or necessity;" but it is sufficient if the facts stated induce such an inference.

A remonstrance to a report of the viewing committee appointed on such application, not containing any direct denial of the facts stated in the report, nor alleging matter in avoidance, otherwise than by referring to and reciting a town vote, without averring the truth of the facts contained in such vote is insufficient.

Where the report states, that the highway prayed for "would be of public advantage and convenience, and that the same ought to be made," and the court accept that report, it is a sufficient finding by the court to authorize them to proceed to lay out the highway.

June, 1810.

LOCKWOOD
v.
GREGORY.

and report as to the necessity and convenience of the proposed road. This committee made report, at the *April* term in the same year, that, in their opinion, a road from the port in *Norwalk* to the meeting-house in *New-Canaan*, laid out in a certain course, which was particularly defined in the report, " would be of public advantage and convenience, and ought to be laid out, at the expense of the towns of *Norwalk* and *New-Canaan.*"

The respondents remonstrated to the acceptance of this report. The remonstrance contained several allegations, which were agreed in the argument to be immaterial. Those which were relied on, were in part set forth in a vote or resolution of the inhabitants of the town of *New-Canaan*, which was recited at length. It was introduced by the respondents in these words : " And the respondents further say, that said report ought not to be accepted for the several causes and reasons stated and alleged in the vote of the inhabitants of the town of *New-Canaan* legally warned," &c. " which vote of said town is in these words," &c. In this vote it was averred, that " there are now a sufficient number of roads, leading from every part of said town of *New-Canaan* to *Norwalk Bridge*, to accommodate all the inhabitants of *New-Canaan* in travelling there, and said roads are laid in the best possible places for the convenience of all said inhabitants to travel to said bridge, and must always be kept in a good state of repair;" "that there is very little travel from the centre of *New-Canaan* to *Norwalk Bridge;*" that " it is very rarely used as a market road ;" and, finally, " that the new proposed road, if laid out and made, can never be of public necessity and convenience." After reciting this vote, the remonstrance concluded in these words: " And forasmuch as said committee have not reported on the best ground in case a new road must be forced upon them (the respondents) unnecessarily, and said report is wholly insufficient in the law, they (the respondents) pray that said report may be rejected," &c.

To this remonstrance the petitioners demurred generally. The court adjudged the remonstrance insufficient, accepted the report, and proceeded, by a second committee, to lay out the road; which last committee made their report in pursuance of their appointment, at the *November* term of the same court, 1808, and the same was accepted. The respondents thereupon brought their writ of error to the superior court, who affirmed the judgment below; to reverse which judgment a writ of error was brought to this court, and the general error assigned.

June, 1810.

LOCKWOOD
v.
GREGORY.

*Daggett* and *Hatch*, for the plaintiffs in error. It will hardly be denied, that a decree on an application of this kind is the subject of error; such decree is not a matter of discretion; but the reasons which warrant it are precisely defined in the same statute, which prescribes and authorized the mode of proceeding.(a) Besides, we have another statute, which directs the manner in which writs of error shall be served in such cases,(b) and which expressly sanctions the practice, previously well settled, on this subject; for, prior to the last-mentioned statute, writs of error were sustained, and many reversals had, in cases of this nature. The inquiry, then, is, whether the judgment below be erroneous.

1. It is claimed that the petition is insufficient, as not disclosing any ground for the interference of the county court. The statute authorizes that court to lay out a new highway only in case " it is judged" to be of " common convenience or necessity." This, being the matter of fact to be found by the court, ought to be distinctly averred in the petition. No precise or technical form of averment is here meant to be insisted on; but at least the principal fact, or other facts, from which that is clearly inferrible, ought to be alleged. This petition

(a) *Stat. Conn.* tit. 86. c. 1. s. 11.      (b) *Id.* tit. 7. c. 5.

does not contain, in form or substance, any such allegation.

The only reasons set forth for laying out the new highway are, that " at the port of *Norwalk*" there " is a very convenient public market," " and a fine harbour," which would " be of great importance" to a certain tract of country described, if there were " any public road to accommodate the *travel* and *transportation* thither ;" that the present travelled roads are hilly and circuitous; and that " a road might be there laid out" to avoid all the hills, and " will accommodate the said *travel*." That a new road is strictly necessary is not pretended ; and it is not shown that it would " be of common convenience." How extensive a portion of territory is to be accommodated; how many inhabitants it contains, if any; and whether there would be much or little travel on the proposed road, are all inquiries not resolved by any thing in this petition. Indeed, the road seems not to be prayed for on the ground that it would accommodate the public travel at all; but solely on the ground that it would lead, in a more direct course than the present roads, from a certain tract of country to " a public market," and " a fine harbour" at *Norwalk*. But it is difficult to conceive how this market and harbour can be of *importance* to a tract of country, the produce of which either cannot, or will not, be transported to them ; and yet this petition does not show that the new road would at all accommodate the transportation of produce, or that any would be transported to the port at *Norwalk*, in any event. It alleges merely, that a road might be so laid out as to accommodate the travel, if any, in that direction. Consistently with every averment in this petition, it may be supposed that the country, from which the new road is to lead, finds a nearer and better *market* and *harbour* in some other direction, and, at any rate, that no road, leading from thence to the port at *Norwalk*, would at all accommodate the transportation of produce. The peti-

tion, therefore, fails to show that the market and har-
bour at *Norwalk* could be rendered *important* to any
part of the world by the location of the proposed road ;
and, consequently, fails to show that the road is neces-
sary, or would be convenient.

The statute authorizes a county court to lay out or
alter highways only on application made for that purpose.
By this must be intended *legal application*, *i. e.* one show-
ing or alleging a legal claim to the interference of such
court.

2. The remonstrance ought to have been adjudged
sufficient. To this two exceptions are taken.

First, it is said there is no averment that the facts set
forth in the vote of the town of *New-Canaan* are true.
This is a manifest misconstruction of the language of
the remonstrance. We have declared that the report
of the committee ought not to be accepted for the rea-
sons stated in that vote, which is there recited in *his
verbis.* Thus we adopt both the substance and the lan-
guage, and the averment is as well as if we had said
" for the reasons following, *viz.*" a form which is cus-
tomary and appropriate.

Besides, the remonstrance concludes with a substan-
tive allegation, which is not within the scope of this ob-
jection.

Secondly, it is urged that all the averments in this re-
monstrance come too late ; as the report of the com-
mittee bars all inquiry relative to the facts, which it sets
up.

It is almost needless to remark here, that this objec-
tion goes to overturn a practice, as old as the statute in
its present form, for regulating highways.

The finding of a jury, by the general law, and a report
of auditors, by particular statute,(*a*) are made conclusive.
But the reports of committees on highways stand on very

(*a*) *Stat. Conn.* tit. 4. s. 3, 4. 7.

June, 1810.

LOCKWOOD
v.
GREGORY.

different grounds. There is not a word in our statute, which countenances the idea that a report by them precludes inquiry. The statute authorizes the court to "inquire by a disinterested committee, or otherwise;" but not to lay out unless the road prayed for, "is judged by said court" "to be of common convenience or necessity." The language here used is too plain to be misunderstood. The court are to find the only fact which is the foundation of their decree, and this, after inquiry by a committee. For surely the court are not supposed first to find the fact, which is the object of inquiry, and then to appoint a committee to make that inquiry. The objection, then, really amounts to this; that though the court are to find the facts, and make up the decree, yet they are not to hear the parties at all on the only point of fact in issue; a proposition equally at war with the meaning and intent of the statute, and the established practice of our courts.

3. If this reasoning be just, it will result, as a consequence, that the finding as to the matter of fact is defective, and does not warrant the decree. The committee have merely reported their opinion; they have not, in point of form, found any fact. The court have done nothing more than to accept their report. But whatever facts might have been reported by the committee, it was necessary for the court to have found that the proposed highway was "of common convenience or necessity," before they proceeded to lay it out. This not having been done, the final decree is plainly erroneous.

*R. M. Sherman* argued for the defendants in error at considerable length; but as the judges, in delivering their opinions, have fully considered the principal points in the case, a concise statement of the grounds relied upon in argument will be sufficient. He contended,

1. That though by the practice of our courts a writ of error may be brought to reverse a judgment or decree

of the county court on an application for a new highway; yet error must be shown which the law will recognise as such, or there can be no reversal. The legislature has invested the several county courts with a *discretionary power* to lay out highways. Whether a particular highway proposed shall be laid out or not, is a question of *expediency*, which it belongs to them exclusively to determine. Error is not predicable of this exercise of their discretion. The higher courts can revise their proceedings only where such proceedings are *irregular*.

2. That the facts stated in the petition show that the road prayed for would be of great public convenience; and are sufficient to warrant the interposition of the county court.

3. That the remonstrance is insufficient. It contains no direct denial of the facts stated in the report, nor any positive averment of matter in avoidance. All that is claimed to be material in the remonstrance, is contained in a vote of the town of *New-Canaan*, which is there recited. But there is no allegation of the *truth* of the vote. The amount of the matter in bar is, that the town of *New-Canaan* have passed a certain vote.

4. That the matters suggested in the remonstrance cannot be inquired into after the report of the committee. If the same facts can be drawn into controversy before the court, to what purpose have they made their report. By such a practice, the appointment and report of a committee become nugatory. All still remains to be done.

5. That where the report of the committee states the requisite facts, and the court accept that report, it is a sufficient finding of facts by the court.

BRAINERD, J. The original process was a petition preferred by the defendants in error to the county court for *Fairfield* county, *February* term, 1808, stating, that at the port of *Norwalk* is a convenient market for country produce; that by navigation, it has connexion with the

principal sea-ports in the *United States*, and with foreign parts; that northwesterly of the port, is a fertile and well cultivated country, to which the harbour and market would be of great importance, were there any public road to accommodate the travel and transportation thither; that the roads from the meeting-house in *New-Canaan* to said port are the only ones in which the travel thither can be accommodated; that the same are very hilly, and so circuitous as to render the travelled distance between said port, and said meeting-house, upwards of six miles, when two thirds of that distance would be the full length of a road which might be laid out, which would avoid all the hills, and accommodate the travel: praying said court to order a new highway to be laid out from said meeting-house to said port, according to the statute in such case provided. On which petition the county court appointed a committee to view and report the necessity of laying out said new road or highway—" to view and report the necessity and convenience of the road as prayed for." Which committee reported, " That certain alterations by them designated between said meeting-house and said port would be of public advantage and convenience; and that the same ought to be made or laid out." To which report, before acceptance by said court, the plaintiffs in error interposed their remonstrance, stating that said report ought not to be accepted " for several causes and reasons stated and alleged in the votes of the inhabitants of the town of *New-Canaan* legally warned, &c. And because there are now a sufficient number of roads leading from every part of said *New-Canaan* to *Norwalk-Bridge* to accommodate all the inhabitants of *New-Canaan* in travelling there, and said roads are laid out in the best possible places for the convenience of all said inhabitants to travel to said bridge; and forasmuch as said committee have not reported on the best ground," &c. This remonstrance the county

court adjudged insufficient, and accepted the report of said committee.

The language of the court is, " And this court having considered and adjudged that said remonstrance is insufficient in the law, do thereupon accept the report of said committee ;" and said court did also thereupon appoint a committee to lay out, &c. and report, &c. who accordingly laid out and made report, which was by said court accepted and recorded. On which a writ of error was brought to the superior court, and from a judgment of affirmance by that court the present writ of error is brought. On which arise three questions :

1st. Whether the petition is sufficient ?

2d. Whether the remonstrance is sufficient ?

3d. Whether the finding of the court, on the report of the viewing committee, is sufficient ?

To the first point it is urged that the petition is insufficient; for that it does not pursue the requisites of the statute; that it does not state that the road prayed for would be " of common necessity or convenience."

From an attention to the statute, I apprehend that in an application to the court for a highway, this specific allegation is not necessary.

It becomes the duty of the court on an application to inquire into the convenience and necessity of the highway prayed for; and undoubtedly, the application ought to state such facts as, if true, would induce the inference that the highway prayed for would be of common convenience and necessity. And on this point, I cannot conceive a doubt but that the whole scope of the expressions in the application to the court centres in a point whence the inference of the necessity or convenience of the road may be fairly drawn.

With respect to the second point, I would premise, that as cases of highways may become subjects of writs of error, there must be a point when they also become subjects of regular pleadings. This, in my apprehension,

has arrived, when a committee, under the appointment and direction of the court, have reported a direct and substantive fact, or set of facts. The question, then, is whether, in the remonstrance, there is a denial of any *positive and substantive fact stated in the report ?* or is there, in avoidance, any essential, positive averment on which a traverse might be taken, or issue joined? I apprehend not. *A recital of the causes and reasons* voted by the inhabitants of *New-Canaan* is no averment; neither is the expression " And forasmuch as the committee have not reported on the best ground," an averment.

That part which remonstrates against the report " Because there are now a sufficient number of roads leading from every part of said *New-Canaan* to *Norwalk-Bridge* to accommodate all the inhabitants of said *New-Canaan* in travelling there, and said roads are laid out in the best possible places for the convenience of all said inhabitants to travel to said bridge," is merely local—applicable to the inhabitants of *New-Canaan* only. No fact or facts stated in the remonstrance amount, in legal construction, to a denial that said alterations would be of public advantage and convenience.

As to the third point. The statute is, " The court may inquire by a committee, or otherwise, into the conveniency and necessity," &c. " And if judged by the court to be of common convenience or necessity," &c. In this case the county court appointed a committee " to view and report the necessity and convenience," &c. which committee reported, " That said alterations would be of public advantage and convenience, and that the same ought to be made." Which report the court accepted ; and therein and thereby did find and judge said alterations to be of public advantage and convenience, and that the same ought to be made.

From a consideration of all the points in the case, I am of opinion that there is no error on the record, and that the judgment of the superior court ought to be affirmed.

In this opinion MITCHELL, Ch. J. and REEVE, SWIFT, TRUMBULL, N. SMITH, BALDWIN, and J. C. SMITH, Js. severally concurred.

June, 1810.

———

LOCKWOOD
v.
GREGORY.

EDMOND, J. The original process was a petition by the now defendants in error, to the county court in *Fairfield* county, for a highway, on which a committee was appointed, their report accepted, and a road laid out. On error brought to the superior court, the doings of the county court were affirmed; and from thence, by writ of error, the case comes here.

Several questions are raised in this case.

1. Whether the original petition is sufficient in law? The 11th section of " An act for providing, altering, regulating and mending highways," (tit. 86. c. 1.) gives to the county court jurisdiction, and points out the mode of process; and the validity of their decisions depends on a reasonable compliance with the authority therein given. This act gives to any person or persons, " where any new highway or *common road* is *wanting* from town to town, or place to place, or where old highways may with more *convenience* be turned or altered, the right to make *application to the county court*," and directs the manner of notice. The particular form of the process is not pointed out, but left to stand on the general provisions of the law respecting ordinary civil process, (tit. 6. c. 1. s. 1.) which requires that the *declaration " shall contain the substance of the action."* The petition, in the present case, does not state that " *a new highway is wanting.*" There is no averment, direct or indirect, that the highway prayed for would be of *common convenience or necessity ;* or, that if laid out, it would be of *common convenience* or necessity; nor are there any facts, or set of facts, set forth in the petition, which, if traversed and found true, would, by necessary implication or inference, warrant such a conclusion.

But supposing the facts set out in the petition should,

by the utmost admissible latitude of construction, autho-rize the court to *infer* that a new highway was in fact wanted, and that laying it would be a matter of common convenience or necessity; another insuperable difficulty arises in this case. It nowhere appears from the record, that any one fact stated in the petition is found by the court, or their committee, to be true.

Where a petition for a highway comes before the county court containing matter of substance, sufficiently set forth to authorize an inquiry, it becomes the duty of the court to inquire into the truth of the allegations, by themselves, or by a committee. This inquiry is to be made, as in every other case, by the examination of com-petent witnesses, and other legal evidence; and *judg-ment* is to be rendered by the court *secundum allegata et probata.*

From the record it appears, that the court granted the prayer of the petition *so far* as to appoint a committee " *to view and report the necessity and convenience of the road as prayed for in the petition.*" This was the whole of their commission; and in conformity to this appoint-ment, the committee report, that being appointed a com-mittee, &c. " *to view and report the necessity of laying out* a new road or highway from the meeting-house in *New-Canaan* to the port in *Norwalk;* and having met and *viewed* the present travelled road, and the ground pro-posed for a new road, and heard evidence for and against the necessity and convenience of said road, they *were of opinion,* that *a new road* laid out from the port in *Nor-walk,* taking various directions to *New-Canaan* meeting-house, would be of *public advantage and convenience.*" This report was returned to the court, and was remon-strated against by the petitioners. To the remonstrance there was a demurrer and joinder; and the court, after hearing, " considered and adjudged the remonstrance insufficient," accepted the report, and appointed another committee to lay out. This report, that in the opinion of the committee a new road laid out, &c. would be of

*public advantage and convenience*, is the only thing found; and the issue joined on the demurrer is the only issue found, or directly adjudicated upon, that appears on the record; and on this point, the court *were undoubtedly correct.*

Inasmuch, therefore, as the petition is insufficient for want of substance: inasmuch as none of the allegations in the petition have been found to be true, either by the court or committee: and inasmuch as nothing more has been found by the court or committee, or accepted by the court, as appears by the record, than the opinion of the committee on a fact not alleged in the petition; I am of opinion, that in the record, process, &c. there is manifest error.

Judgment affirmed.