MONROE AND OTHERS *vs.* THE BOROUGH OF DANBURY.

Where a petition for a highway, within the limits of the borough of B., was brought to the county court, after said borough had commenced such proceedings as were requisite by its charter, in order to lay out a part of the highway prayed for, and before the county commissioners, to whom the petition was referred, acted on it, caused said part to be laid out and established as a highway; it was held, that it was the duty of the commissioners to refrain from laying out that part which had already become a lawful highway by the proceedings of said borough.

Where, in such case, in a remonstrance to the report of the commissioners, laying out the whole of said highway, the county court, on setting aside such report, rendered a final judgment against the petitioners, and decreed that the respondents should recover their cost; it was held, 1. That such report should have been recommitted: 2. That no special motion for such recommitment by the petitioners was necessary, and therefore that such judgment was erroneous.

THIS was a petition, brought by certain inhabitants of the

borough of Danbury, to the term of the county court for Fairfield county, holden in December, 1853, praying for the laying out and establishing a new highway, within the limits of said borough.

The court referred the petition to the county commissioners, who, having heard the same, made their report to said court, at the term holden in August, 1854, finding therein, that the special convenience and necessity of said borough, and its inhabitants, required said road, and laying out the same, and assessing the damages occasioned to the proprietors of the land, over which the road passed.

Against the acceptance of this report the defendants remonstrated, upon several grounds. In reference to the allegations contained in the seventh ground of remonstrance, the court found, that, on the 16th day of July, 1853, the wardens and burgesses of said borough, in conformity with the provisions of the charter of said borough, after giving notice, laid out a certain highway, within the limits of said borough, appointed freeholders to assess the damages sustained by the persons over whose land the road passed, who, in the same month, accordingly assessed such damages; that, on the 20th day of July, 1853, they caused assessments to be made, and paid, by those persons owning land, which would be specially benefited by such laying out, and that said road, so laid out, became and was, at the time of the hearing by said commissioners, a legal highway, and that said borough had paid for the damages, assessed as aforesaid, more than three hundred dollars.

The court further found, that "the road, so laid out by said commissioners, running through the land of the individuals, to whom said commissioners assessed said damages, was the same road, or highway, in all respects, and was laid out on the same ground as the road, so laid out by said warden and burgesses, and accepted by said borough, and in no respect different, and at the time said commissioners laid out said highway, and before their final meeting upon

said business of their appointment, the same was an open and legal highway."

The county court thereupon set aside said report, and decreed that the respondents recover of the petitioners their costs.

The petitioners, by motion in error, then brought the case for revision before the superior court, where it was reserved for the advice of this court.

*Hawley, Taylor* and *Wilson,* for the plaintiffs in error.

I. The proceedings of the borough constitute no bar to the proceedings of the county court. The court had already acquired jurisdiction, and could not be ousted of it, by the subsequent proceedings of the borough. But, if otherwise, those proceedings should have been pleaded by way of bar, or otherwise, before the county court, or before the case was sent to the commissioners.

II. The existence of a highway for a part of the distance, furnishes no objection to the action of the commissioners of this road, laid over it in part. If there was any improper assessment of damages, there was an easy remedy. *Windham and Chaplin* v. *Litchfield et al.,* 22 Conn. R., 226, 233.

III. The subject matter of the objection does not fall within the expression, "irregular and improper conduct," which imports not error of judgment, but only censurable, or improper conduct.

IV. It does not appear that the proceedings of the borough were brought to the notice of the commissioners. But, if any of these objections are available, the case should have been sent back to the commissioners, to ascertain whether the road prayed for, should not be again laid out, over that part of the track, not alleged to be covered by the borough road ; and also, if necessary, to enquire whether the road was, or was not, of common convenience. *Windham and Chaplin* v. *Litchfield et al.,* 22 Conn. R., 226.

*White, Averill* and *Booth,* contra.

1. It is a fatal objection to the doings of the commissioners, that they laid out the road, in a great part, over a road already laid out, and completed by the borough.

2. The statute, under which this petition was brought, was passed anterior to the charter of the borough, giving it its present power over highways. It was not the intention of the legislature to authorize an interference with the proceedings of the borough, when acting in good faith, and the case shows that the borough was thus acting, at the time of the interference by the county commissioners.

3. The commissioners acted improperly, in laying out the road over a road already laid out, and completed by the borough, after all the damages, which had accrued, had been assessed and paid, thus compelling the borough to pay double damages for the same road.

The statute, from which the commissioners derive their powers, in laying out borough highways, gives them no power to discontinue, alter, or in any way, or manner, vary any subsisting highway, but confines these powers entirely to new highways. Rev. Stat., 591, § 29. It was not the intention of the legislature to authorize an interference with the proceedings of the borough, when acting in good faith, and the case shows that the borough was thus acting, at the time of the interference by county commissioners.

4. The court had no power to send the petition back to the commissioners. The powers of the commissioners are exhausted, and the only remedy for the petitioners is to begin *de novo. West Boston Bridge* v. *Middlesex,* 10 Pick., 270. *Commonwealth* v. *West Boston Bridge,* 13 Pick., 195. *Windham and Chaplin* v. *Litchfield,* 22 Conn. R., 226. *Winchester and Colebrook* v. *Hinsdale,* 12 Conn. R., 88.

STORRS, J. It appears, from the finding of the county court, on the seventh ground of remonstrance, that, when the petition in this case was brought, the borough of Danbury

had commenced proceeding with the steps, requisite by its charter, for the purpose of laying out a part of the highway, which is prayed for in said petition; and that afterward, and before the county commissioners had acted on this petition, that part of the highway had been legally laid out, and established as a highway.   These steps, on the part of the borough, were public proceedings, and must be presumed to have been known to the petitioners, and the commissioners.   Whether it would have been proper or not for the commissioners to lay out the whole of the highway prayed for, if these steps had not been commenced by the borough, previous to the bringing of this petition, we are of opinion that, after those proceedings of the borough had been commenced, the petitioners could not, by bringing this petition, neither could the commissioners, arrest or supersede the proceedings of the borough, and that it was the duty of the commissioners to refrain from laying out, as a highway, that part of the highway, prayed for in this petition, which had already become a lawful highway by the proceedings of the borough; and that the laying out of that part of it constituted such an irregularity on the part of the commissioners, that the county court acted correctly in refusing to accept their report.   If, in any case, it would be competent to lay out a highway where there is already an existing one, it is obvious, in the present case, that it was not only entirely unnecessary to do so, but that the effect of it would be to subject the borough to pay double compensation to the owners of the lands over which it was laid out, which the latter would have no right to claim, and which would be manifestly unjust.  In rejecting the report of the commissioners, there was therefore no error.

But the county court, on setting aside that report, rendered a final judgment against the petitioners, and that the respondents should recover their costs.   In this there was error. The proper course was to recommit the petition to the commissioners, for their further action on the subject; because,

although, as to a part of the road prayed for, they could properly proceed no further, in consequence of its having been laid out by the borough, they might be of opinion, as to the remaining part, that the special convenience of the borough required that it should also be laid out as a highway, and the petitioners were entitled to be heard on that question. And we do not think that any special motion, by the petitioners, for such recommitment, was necessary. The case is analogous to that of a report of auditors in an. action of book debt, where, if it is set aside on a remonstrance, the court, of course, recommits the case to the same, or appoints new auditors; and a similar course should have been taken in this case.

On this point, the judgment of the county court is erroneous, and the superior court is so advised.

In this opinion, the other judges, WAITE and HINMAN, concurred.

Judgment reversed.