ELY PIERCE AND OTHERS *vs.* TOWN OF SOUTHBURY.

Where the report of a committee upon a highway petition stated that they found that a certain part of the road prayed for was not required by common convenience and necessity and that they were of opinion that that portion of the petition should not be granted, but that they found that a certain other portion *ought to be laid out* and that they therefore laid it out, it was held, that it was sufficiently found that the latter portion was required by common convenience and necessity.

Where the committee found that the latter portion ought to be laid out *as prayed for in the petition*, and thereupon proceeded to lay it out by survey, it was held that it sufficiently appeared that it was the same road prayed for in the petition, although that fact was not shown with certainty by the survey or by any other part of the report of the committee.

PETITION for a highway. The part of the petition descriptive of the highway prayed for was as follows:—

"That the highway called the East and West Road, leading from Shepaug Bridge, near the residence of Joseph Hawley in said Southbury, to the Mulberry Four Corners, is rough and hilly, and most of the way impassable for teams, thereby subjecting the inhabitants of the west part of said Southbury and of Bridgewater to great inconvenience in traveling to and from Southbury Centre, and to the main thoroughfare to New Haven; and that the highway leading from the Mulberry Four Corners south to Spruce Bridge is very hilly and circuitous, and also is rendered impassable much of the time during the winter months from drifted snow; and that public convenience and necessity require that a new highway should be laid out between said points, to commence about six rods north of Shepaug Bridge, near the residence of Joseph Hawley, running in an easterly direction along the course of a small brook, and near the residence of Joel Ward, and intersecting the East and West Road about six rods west of Abram L. Gilbert's house; thence following on or near said East and West Road about fifteen rods; then running northeasterly, then easterly, and then south-easterly, and again intersecting the said East and West Road near the residence of Smith Platt; thence running near said highway to the Mulberry Four Corners, thence a south-easterly course from said

Four Corners through the hollow, to intersect the highway from the Purchase to South Britain, at a point near Spruce Bridge."

A committee to whom the case was referred made a report laying out a part of the highway prayed for, and the superior court accepted the report and passed a decree establishing the highway and ordering the respondents to construct it.   From this decree the respondents filed a motion in error and brought the record before this court for revision ; assigning the follow- ing errors :—That the committee had not found any allegation in the petition to be proved or true, nor had found, nor stated that they are of opinion, that the highway prayed for, or any part of it, or the road described in their report, was required by common convenience and necessity ; and that they did not find, nor did it anywhere appear, that the highway surveyed and laid out by the committee was the highway prayed for in the petition, or that the road laid was within the limits of the petition.

The finding of the committee describing the road laid out, and with regard to its convenience and necessity, was as follows :—

" After a full hearing of the case, and after viewing the proposed location for a highway, we do find that public con- venience and necessity does not require the laying out of the section described in said petition ' as commencing about six rods north of Shepaug Bridge near the residence of Joseph Hawley, running in an easterly direction along the course of a small brook, and near the residence of Joel Ward, and intersecting the old east and west highway about six rods west of Abraham L. Gilbert's house,' and are of the opinion that that portion of said petition ought not to be granted.   We also find that a new highway ought to be laid between the dwelling house of said Abraham L. Gilbert and the dwelling house of Smith Platt, and also a new highway ought to be laid from the Mulberry Four Corners through the hollow to intersect the north and south highway near Spruce Bridge, as prayed for in said petition.   We therefore lay out a new highway, commencing at a point S. 80° E. 24 rods and 10 links from the

dwelling house of the said Abraham L. Gilbert, thence north, &c., [describing the line by measurements] to a point on the north side of the old 'East and West Road' 2 rods 10 links north from a large chestnut tree on the north side of the same; said lay being 105 rods 4 links in length, and to be 2½ rods wide, the survey being the centre of said lay, and being wholly on the land of Smith Platt. We also lay out a highway commencing near said Mulberry Four Corners, at a point on the south side of the old 'East and West Road' 8 rods and 5 links from the easterly mulberry tree on the north side of the same, thence south, &c., [describing the line by measurements] to a point on the north side of the old highway 4 rods and 3 links N. 84° W. from the button-ball tree standing near said Spruce brook; the whole distance being 503 rods, the survey being for the centre of said lay and the lay to be three rods wide."

*Wooster*, for the plaintiff in error.

The jurisdiction of the superior court over the matter of highways is special and limited. Rev. Stat., tit. 24, § 24. *Huntington* v. *Birch*, 12 Conn., 150. The road must be required by common convenience and necessity, and this fact must be found by the committee. The court has no power to inquire into and find it for itself. Sec. 24, supra. *Winchester* v. *Hinsdale*, 12 Conn., 88. *Harwinton* v. *Catlin*, 19 id.; 527. *Webb* v. *Rocky Hill*, 21 id., 474. Where the report of the committee does not find this fact, a decree founded on the report is erroneous. Here the committee do not find this fact, but only that a new highway "ought to be laid out," &c. If this finding is enough, then it would be enough in a petition to allege that a new highway ought to be laid out, which certainly would be insufficient. The want of a special finding on this point is not supplied by a general finding that the allegations of the petition are true. And there is no finding that the road laid out is the same one prayed for in the petition or any part of that road. It does not even appear that it lies within the limits described in the petition.

Pierce v. Town of Southbury.

*Cothren* and *Huntington*, for the defendants in error.

The allegation that public convenience and necessity require the road prayed for, is not necessary in a petition, if the fact can be fairly inferred from other facts alleged. *Lockwood* v. *Gregory*, 4 Day, 407, 415. *Windsor* v. *Field*, 1 Conn., 279, 283. *Waterbury River Turnpike Co.* v. *Litchfield*, 26 id., 209, 211. If so, an express finding of the fact can not be necessary in the report of the committee. Here the fact is found with sufficient certainty. The committee find that a part of the road prayed for is not of common convenience and necessity and therefore ought not to be laid out, but that the other part " ought to be laid out ; " clearly implying that this part was required by common convenience and necessity. Technical rules of pleading are never applied to this kind of proceeding. *Treat* v. *Middletown*, 8 Conn., 243. *Wolcott* v. *Pond*, 19 id., 597, 604. The road is laid out with sufficient certainty, and it appears sufficiently that it is a part of the road prayed for. If it did not the court would presume it to be so, after an acceptance of the report by the superior court and the passing of a decree establishing the road. But it can be seen by the description of the road laid out that it is essentially the same as the one described in the petition, and the matter is made certain by the statement of the report that the road is laid out " as prayed for in the petition."

SANFORD, J. This judgment is claimed to be erroneous because the committee have not found any allegation in the petition proved or true ; because they do not find that the highway prayed for or any part of it will be, or that they are of opinion that it will be, of common convenience and necessity ; and because it does not appear that the highway laid out is the highway, or any part of the highway, prayed for in the petition.

We think that all of these objections to the judgment are unfounded. No claim is made that the allegations in the petition are insufficient to give the court jurisdiction, or to authorize the laying out of the highway, but it is said that all the material allegations must be found true in the mode

pointed out by the statute; that the allegation of common convenience and necessity can be passed upon only by the committee, and must be found true by them.

It is true that no highway ought to be laid out unless the public convenience and necessity require it; and that whether the highway prayed for is so required or not, it is the peculiar province of the committee to determine. But we know of no authority, and we think there is no good reason, for holding that the finding of the committee must be shown by any precise and exact averments in their report. The identical language of the statute need not be employed; other language of equivalent import will suffice; and indeed any language from which it is fairly to be inferred that in the opinion of the committee public convenience and necessity require the laying out of the road, is sufficient.

In *Lockwood* v. *Gregory*, 4 Day, 415, it was decided that a specific allegation of " common convenience and necessity " need not be made in the petition, and that it is sufficient if such facts are stated as to justify the inference of such convenience and necessity; and that decision has been repeatedly approved of by this court. *Windsor* v. *Field*, 1 Conn., 279. *Plainfield* v. *Parker*, 11 Conn., 576. We think the rule of construction adopted in those cases should be applied in the case before us, and that the language of the finding in relation to a fact need not be more explicit or direct, than that which it is necessary to employ in the petition in alleging its existence. In the case at bar the committee say they had a full hearing, and viewed the proposed location for a highway; that public convenience and necessity do not require the laying of a new highway on a section specified, " and are of opinion that that portion of said petition ought not to be granted; " and as to the residue of the line described in the petition, they find that it " ought to be laid out " " as prayed for in said petition," and *therefore* they lay out a new highway commencing, &c. From this language it seems impossible to resist the conclusion that the committee intended unequivocally to express their opinion of the public wants in regard to that

portion of the line over which they laid a road, as well as in relation to that over which they refused to lay one, and that the reason why, in their opinion, one portion of the way " ought " and the other " ought not " to be laid out, was the same—to wit, that the public necessity and convenience required the one, and did not require the other. Indeed the very terms employed by the committee in regard to that part of the highway which they laid out, involved the idea that in their opinion the public convenience and necessity required it, because otherwise there would be no legal justification for laying it, and it ought not to have been laid.

It is to be observed also, that the statute does not in terms require the committee to find the fact of public convenience and necessity as the basis of their proceedings, but only to form an opinion. Rev. Stat., tit. 24, § 24. And that the evidence of the formation of such an opinion is embodied in the report of the committee with sufficient certainty and explicitness, we entertain no doubt. So the committee is required to make report to the court of their " doings," not of their opinions, except as those opinions are indicated by their acts.

We think also, that it does appear with sufficient certainty that the highway laid out was laid upon the line, and within the limits, specified in the petition. The committee say that the highway " ought to be laid as prayed for in said petition, and *therefore* they lay out," &c. And a comparison of the report with the petition in our judgment confirms this statement of the committee, that they laid out the road " as prayed for."

We have no doubt but that the record ought to show, not only that the public convenience and necessity required the new highway, but also that the existence of such necessity in fact has been duly ascertained in the manner prescribed by law ; and also that the highway laid out is the one, or part of the one, prayed for in the application. But we think that these facts are found, and do appear in this record, with sufficient certainty and precision to uphold the judgment. And, no other defect in the record being shown, the judgment must be affirmed.

In this opinion the other judges concurred; except HINMAN, J., who being disqualified by interest, did not sit.

Judgment affirmed.