[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR ACCEPTANCE OF COMMITTEE REPORT, ALLOWANCE OF COMMITTEE FEES AND EXPENSES AND FOR ADVICE, (#117), AND OBJECTION, (#116)
I. FACTS
The following facts are relevant for the disposition of the issue presented. On April 4, 1989, the plaintiff, West Road Associates, commenced the present action by causing process to be served on John J. Blaschik, Jr., the First Selectman for the Town of East Haddam. The plaintiff alleges that it is the owner of a parcel of land which abuts East Shore Drive, East Haddam. The plaintiff further alleges that East Shore Drive is a public highway used for common convenience and necessity and that despite application to the Board of Selectmen, the Town of East Haddam (the "town") has refused to lay out East Shore Drive. The plaintiff requests the court to proceed as provided in General Statutes Sec. 13a-63.[1]
On June 21, 1989, the plaintiff moved for the appointment of a committee of three disinterested persons. On July 31, 1989, the court, Dorsey, J. appointed a committee (the "Committee").
On July 17, 1989, Janet L. Brennan, Wayne Bristol, Charlyn H. Farina, Stephen M. Fedus, Katherine A. Klien, Thomas B. Mooney and Erving W. Tremper (the "intervening defendants") moved to intervene in the present action as necessary parties. The intervening defendants allege that they own property which abuts or includes a portion of East Shore Drive. On August 7, 1989, the court, Stengel, J., granted the intervening defendants' motion.
On November 13, 1989, the court, Higgins, J., granted the motion of the parties to accept a stipulated judgment which named the three members of the Committee and ordered the Committee to proceed as required under General Statutes Sec. 13a-63.
On June 5, 1990, the court, Higgins, J., granted the motion of the parties to reconstitute the Committee. CT Page 4232
On May 5, 1991, the plaintiff moved the court to order that the town compensate the Committee. On June 4, 1991, the court, Hendel, J., denied the motion on the ground that it was premature and provided that the motion may be renewed at the proper time.
On July 29, 1991, the court, Arena, J., granted the Committee's motion for an order of notice and hearing and ordered that the Committee hold its hearing on September 11, 1991.
On December 16, 1991, the Committee filed the present motion for acceptance of its interim report, allowance of interim Committee fees and expenses and for advice.
The intervening defendants have filed an objection to the Committee's motion. The intervening defendants argue that it is improper for the court to rule on whether the court should accept the proposed Committee report. The intervening defendants also deny that the evidence supports the Committee's first finding that the entire length of East Shore Drive has been used by the public. The intervening defendants also argue that they cannot properly respond to the third finding because the finding states that the highway "may" be wider than fifteen feet in some limited areas.
II. DISCUSSION
The practice of allowing a committee formed to lay out a road to file a preliminary report has been repeatedly approved by the courts of this state. Ives v. Town of East Haven, 48 Conn. 272, 289 (1880); Wethersfield v. Humphrey, 20 Conn. 217, 225 (1850); Lockwood v. Gregory, 4 Day 407, 415 (1810). The intervening defendants have cited no contrary authority. It is decided that it is not improper for the Committee to file a preliminary report.
The first finding of the Committee, namely, that East Shore Drive is a public highway for its entire length, is supported by, among other things, the record of a town meeting at which the town accepted the road as a town highway. The evidence supplied by the Committee supports its finding and, accordingly, the court accepts this finding of the Committee.
The Committee's third finding, namely, that "the highway may have been extended beyond fifteen (15) feet" is unobjectionable despite the use of the term "may." The court in Pierce v. Town of Southbury, 29 Conn. 490, 494
(1861), stated that "[w]e know of no authority, and we think CT Page 4233 there is no good reason, for holding that the finding of the committee must be shown by any precise and exact averments in their report." Given that the finding is a preliminary one pending the preparation of the survey, it is decided that the finding is not improper.
"The reasonableness of committee fees is a matter within the sound discretion of the court." Varley v. Varley, 189 Conn. 490, 495, 457 A.2d 1065 (1983). The court in Williams v. Town of Stongington, 49 Conn. 229, 230
(1881), stated that "[w]e see nothing unusual or improper in the conduct of the committee in requiring the payment of their fees before delivering [although after completing] their report . . . ." In Lockwood v. Gregory, supra, 415, the court appointed one committee for the purpose of determining the common convenience and necessity of a proposed highway, accepted the first committee's report finding that the proposed highway was of common convenience and necessity, and appointed a second committee for the purpose of laying out the proposed highway. It is decided that under the circumstances of the Lockwood case, allowing the fees of the first committee before the road had been laid out would not have been an abuse of discretion. In the present case, one committee is appointed to both determine common convenience and necessity and to lay out the road. It is found that it is within the court's discretion to allow the Committee's interim fees in view of the fact that the Committee has completed its first task of determining whether East Shore Drive is a highway of common convenience and necessity and filing a report thereon.
III. CONCLUSION
For the reasons herein stated the court accepts the Committee's preliminary report and adopts the Committee's recommendations. The court further grants the Committee's request for interim fees.
It is so ordered.
ARENA, J.